# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALOUR YOUNAN, CHAD HESSENFLOW, NANCY RUTH BELL and VICKI HESSENFLOW,<br><br>        Plaintiffs,<br>vs.<br>ROLLS-ROYCE CORPORATION, a wholly owned subsidiary of Rolls Royce, PLC; and MD HELICOPTERS, INC. (MDHI), a foreign corporation,<br><br>        Defendants. | CASE NO. 09cv2136-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration filed by Defendant MD Helicopters, Inc. (ECF No. 142).

**BACKGROUND**

On November 17, 2010, Plaintiffs filed a Second Amended Complaint ("Complaint") against Rolls Royce Corporation ("Rolls Royce"), MD Helicopters, Inc. ("MDHI"), and the Boeing Company ("Boeing"), regarding a 2009 helicopter accident in San Clemente, California. (ECF No. 33). On October 27, 2011, Defendant Boeing notified the Court of its settlement with Plaintiffs, and on December 13, 2011, all claims against Defendant Boeing were dismissed with prejudice. (ECF Nos. 63, 77). On July 12, 2012, Defendant Rolls Royce notified the Court of its settlement with Plaintiffs, and on August 23, 2012, all claims against Defendant Rolls Royce were dismissed with prejudice. (ECF Nos. 143, 155).

1    In the Complaint, Plaintiffs alleged two causes of action against Defendant MDHI. The first cause of action against MDHI alleged "negligence, negligence per se, and failure to warn." (ECF No. 33 at 11). Plaintiffs alleged that, as successive manufacturer of the accident helicopter and holder of the accident helicopter's Type Certificate, MDHI was responsible for the safe operation and continued airworthiness of the helicopter including informing owners, operators, and the Federal Aviation Administration of any design defects and performance capabilities of the helicopter. The second cause of action against Defendant MDHI alleged strict liability for design and manufacturing defects of the accident helicopter and its components. Plaintiffs alleged that the accident helicopter had defective engine components and autorotation characteristics.

On December 6, 2011, Defendant filed a motion for summary judgment. (ECF No. 76). On February 3, 2012, the Court heard oral argument on the motion for summary judgment. (ECF No. 83). On June 6, 2012, the Court issued an order denying summary judgment as to Plaintiffs' cause of action for negligent training and failure to warn, and granting summary judgment as to Plaintiffs' cause of action for strict liability. (ECF No. 131).

In the June 6, 2012 Order, the Court stated:

> The Court finds that Plaintiffs have come forward with evidence of a genuine dispute as to the standard of care required by MDHI in providing helicopter training to CBP pilots and the adequacy of the training provided by MDHI. [FN2]
>
>> [FN2]. MDHI has made objections to Plaintiffs' proffered experts under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) .... The Court finds that Plaintiffs have come forward with evidence of a genuine dispute as to standard of care and causation, without prejudice to an objection on *Daubert* grounds at the motions in limine hearing.
>
> ...MDHI assumed liability from MDHS/Boeing "for causes of actions based on notices to customers, such as contained in maintenance manuals, service notices, etc., and arising from aircraft incidents occurring after the Closing Date [of the Purchase Agreement]." (ECF No. 76-27 at 15). Plaintiffs claim for negligent failure to warn regarding autorotational performance characteristics of the MD600N model helicopter falls within the causes of action for which MDHI has assumed liability from MDHS/Boeing in the 1999 asset transfer.
>
> The Court finds that Plaintiffs have come forward with evidence of a genuine dispute as to whether MDHI was aware of problems with the autorotation performance in the MD600N model helicopter and failed to issue sufficient warnings to Plaintiffs or report the problems to the FAA as required under

>Federal Regulations. [FN5] Plaintiffs have come forward with evidence of a genuine dispute as to whether MDHI reasonably should have warned Plaintiffs as to the problems encountered in MD600N model helicopter autorotations.

*Id.* at 9-11.

On July 3, 2012, Defendant filed a Motion for Reconsideration of the Court's Order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 142). On July 24, 2012, Plaintiffs filed an opposition. (ECF No. 149). On July 30, 2012, Defendant filed a reply. (ECF No. 152). On July 26, 2012, Defendant filed an Application to Set Oral Argument on the motion. (ECF No. 150).

## DISCUSSION

Federal Rule of Civil Procedure 54(b) states, in part, that "any order or other decision ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir.2000).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**I.  Failure to Warn Claim**

Defendant contends that the Court misinterpreted the terms of the Asset Purchase

Agreement and "erred in holding that MDHI did assume liability for Plaintiffs' claim of negligent failure to warn[, ... unnecessarily expand[ing] the scope of the case." (ECF No. 142-1 at 2). Defendant contends that, "[b]y holding that Plaintiffs' failure to warn claim is included in the liabilities that MDHI assumed under the [Purchase Agreement], the June 6 Order expands MDHI's liability" for failures to warn by Boeing occurring before the Purchase Agreement was signed, instead of solely for failures to warn by MDHI occurring after the Purchase Agreement was signed. (ECF No. 152 at 2).

Plaintiffs contend that the Court did not misinterpret the Purchase Agreement and that Defendant misconstrues the Court's June 6, 2012 Order. Plaintiffs contend that the failure to warn claim asserts "direct liability, not successor liability," because "MDHI became the entity to warn of and fix performance problems with the [accident helicopter] product line" after the Purchase Agreement was signed. (ECF No. 149 at 5-6).

In the June 6, 2012 Order, the Court outlined the relevant portions of the Purchase Agreement wherein MDHI assumed, and Boeing retained, certain liabilities. Nothing in the Court's Order expanded the liability of Defendant MDHI for failures to warn by Boeing occurring prior to the signing of the Purchase Agreement.

**II.     Negligence Claim**

Defendant contends that the Court "erred in failing to provide a clear ruling on the issue of causation" as it applies to Plaintiff's negligent training and failure to warn claim. (ECF No. 142-1 at 2). Defendant contends that the Court's errors in the June 6, 2012 Order constitute a manifest injustice.

Plaintiffs contend that "the Court summarized various facts and record evidence which support causation," and that the Order "clearly addresses and concludes ... the existence of a material question of fact as to causation and breach of duty...." (ECF No. 149 at 6).

In the June 6, 2012 Order, the Court outlined the relevant undisputed material facts supporting the Court's conclusion that "Plaintiffs have come forward with evidence of a genuine dispute as to standard of care and causation" to support their claim against Defendant for negligent training. (ECF No. 131 at 9).

**CONCLUSION**

Defendant has failed to present new evidence or show an intervening change in controlling law to warrant reconsideration of the Court's June 6, 2012 Order. Defendant has failed to show that the Court committed clear error or a manifest injustice in holding that sufficient evidence existed to deny Defendant's motion for summary judgment as to Plaintiff's claims for negligent training and failure to warn. Accordingly, reconsideration of the Court's June 6, 2012 Order is not appropriate.

The Motion for Reconsideration filed by Defendant MD Helicopters, Inc. (ECF No. 142) is DENIED. The Application to Set Oral Argument on the Motion for Reconsideration filed by Defendant MD Helicopters, Inc. (ECF No. 150) is DENIED.

The final pretrial conference is set for Friday, January 11, 2013, at 10 A.M. in Courtroom 4.

DATED: October 26, 2012

**WILLIAM Q. HAYES**
United States District Judge