1
2
3
4
5
6
7
8
9        **UNITED STATES DISTRICT COURT**
10       **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| DALOUR YOUNAN, CHAD HESSENFLOW, NANCY RUTH BELL and VICKI HESSENFLOW, | CASE NO. 09cv2136-WQH-BGS |
| Plaintiffs, | ORDER |
| vs. | |
| ROLLS-ROYCE CORPORATION , a wholly owned subsidiary of Rolls Royce, PLC; and MD HELICOPTERS, INC. (MDHI), a foreign corporation, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion in limine to exclude evidence of a duty to warn arising under 14 C.F.R. § 21.3(b) filed by the sole remaining Defendant, MD Helicopters, Inc. ("MDHI"). (ECF No. 163).

**I.      Background**

On February 11, 2013, MDHI filed the Motion to Exclude Evidence or Reference to Non-Training-Related Duty to Warn Other than Duty to Comply with 14 C.F.R. §§ 27.1581-27.1589. (ECF No. 163).

On April 30, 2013, Plaintiffs filed their second supplemental brief related to MDHI's motion to exclude evidence or reference to non-training-related duty to warn.

(ECF No. 203).  Plaintiffs quoted 14 C.F.R. § 21.3(b)[1] and stated:

> The determination of the factual question of the existence of a 'defect' is for the trier of fact, not the Court.  This Court should not summarily rule, as a matter of law, that there is no 'defect' worthy of reporting to the FAA under § 21.3, which is what MDHI seeks.
>
> The essence of MDHI's supplemental argument wrongfully limits § 21.3 to a duty to report 'accidents.' ...  MDHI's brief focuses on accidents.  However, § 21.3 involves a duty to report a 'defect.'  14 CFR § 21.3(a)-(c).
>
> There is much more information available to a manufacturer and Type Certificate holder than just 'accidents.'

(ECF No. 203 at 2-3).  Plaintiffs cited to the September 29, 2000 United States General Accounting Office ("GAO") Report and to the testimony of the former head of training and lead pilot for MDHI regarding his knowledge of complaints by Customs and Border Patrol pilots.  *See id.* at 6-8.

On May 7, 2013, the Court issued an Order granting the motion in limine to preclude Plaintiffs from arguing that MDHI had a duty to warn arising under state common law.[2]  (ECF No. 205 at 7-11).  The Court granted the motion in limine to preclude Plaintiffs from arguing that MDHI had a duty to warn arising under 14 C.F.R. §§ 21.3(a) and/or 21.3(f).  *Id.* at 11-12.  The Court stated: "In the second supplemental brief after oral argument, Plaintiffs raised the application of 14 C.F.R. § 21.3(b).  No later than seven (7) days from the date this Order is filed, MDHI may file a supplemental reply brief limited to responding to Plaintiffs' argument concerning the applicability of 14 C.F.R. § 21.3(b)."  (ECF No. 205 at 13).

On May 14, 2013, MDHI filed a supplemental reply brief regarding 14 C.F.R. § 21.3(b).  (ECF No. 215).  MDHI states:

> Plaintiffs argue that, even if MDHI is not required to report the prior MD600N accidents, Section 21.3(b) imposes a reporting obligation here

---

[1]  Section 21.3(b) provides: "The holder of a type certificate ... must report any defect in any product or article manufactured by it that has left its quality system and that it determines could result in any of the occurrences listed in paragraph (c) of this section."  14 C.F.R. § 21.3(b).

[2]  As stated in the May 7, 2013 Order, this ruling does not relate to Plaintiffs' claim of failure to warn in the context of MDHI's training of Plaintiff Younan.

because one of the occurrences in Section 21.3(c) 'could' occur as a result of the alleged autorotation problem. Thus, Plaintiffs claim, MDHI had to report a 'defect'—not just an accident.

This argument fails for two reasons. First, Plaintiffs offer no evidence that MDHI had notice of an alleged defect from any source other than the prior accidents, which MDHI had no obligation to report. Second, even if MDHI did have notice of a problem, it had no reporting obligation under Section 21.3(b) because the alleged problems related to autorotation do not involve any of the occurrences listed in Section 21.3(c). Accordingly, the Court should preclude Plaintiffs from arguing that MDHI had any duty to warn under Section 21.3(b).

*Id.* at 2-3 (citation omitted).

## II.   Discussion

Section 21.3(b) provides: "The holder of a type certificate ... must report any defect in any product or article manufactured by it that has left its quality system and that it determines could result in any of the occurrences listed in paragraph (c) of this section." 14 C.F.R. § 21.3(b). Section 21.3(c) provides:

(c) The following occurrences must be reported as provided in paragraph[] ... (b) of this section: ....

(4) A malfunction, failure, or defect of a propeller control system.

(5) A propeller or rotorcraft hub or blade structural failure. ...

(8) A significant aircraft primary structural defect or failure caused by any autogenous condition (fatigue, understrength, corrosion, etc.).

(9) Any abnormal vibration or buffeting caused by a structural or system malfunction, defect, or failure.

(10) An engine failure.

(11) Any structural or flight control system malfunction, defect, or failure which causes an interference with normal control of the aircraft for which derogates the flying qualities.

14 C.F.R. § 21.3(c).

The Court finds that, based upon the evidence in the record, a reasonable jury could find that there was a "defect" in the helicopter at issue that "could result" in any of the occurrences listed above which MDHI was required to report to the FAA pursuant to 14 C.F.R. § 21.3(b). The issue of causation is a question of fact for the jury. *See Kisbey v. State of Cal.*, 36 Cal. 3d 415, 422 (1984) ("[N]egligence and causation are

- 3 -

1  questions of fact for the jury.") (citation omitted).

2  **III.    Conclusion**

3        IT IS HEREBY ORDERED that the motion in limine to exclude evidence of a

4  duty to warn arising under 14 C.F.R. § 21.3(b) is DENIED.  No later than May 28,

5  2013, the parties shall file any new jury instruction(s) proposed in light of the ruling in

6  this Order.

7  DATED:  May 22, 2013

8

       **WILLIAM Q. HAYES**
9       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28